ALBANY,
October, 1829.

Jackson
v.
Tibbitts.

JACKSON, *ex dem.* Thomas, *vs.* TIBBITS.

THIS was an action of ejectment, tried at the Oneida circuit in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

The defendant was the tenant of the lessor of the plaintiff of a *tavern stand* in the village of Utica. He entered into possession on the 29th May, 1827. No particular time for which he was to hold was agreed upon, nor was the rent fixed between the parties. In the month of November, 1827, the defendant cut through a partition in the second story of the house, and placed a door leading into a bedroom, and put a window in the door of the cellar kitchen. These alterations were made without the permission of the lessor; but instead of being injurious, were beneficial to the premises. The defendant daily passed the premises, and was frequently in the house, and received various payments on account of rent between August, 1827, and February, 1828. This suit was commenced in February, 1828, to recover the possession of the premises, on the ground of the tenants's having forfeited his interest by the commission of waste.

The judge charged the jury that the cutting through the partition wall and putting in a door, and the other acts of the defendant, being done without the permissiom of the lessor, worked a forfeiture of the defendant's rights as a tenant, unless such forfeiture had been waived by the lessor; and as to such waiver he directed the attention of the jury to the evidence. The jury found a verdict for the plaintiff, which was now moved to be set aside.

*C. P. Kirkland,* for defendant. The defendant was a tenant from year to year, and if the act done were considered *waste,* it would not work a forfeiture, but only subject the party to an action of waste. (1 R. L. 62.) *Waste* is that which does a permanent injury to the inheritance, (7 Johns.

*Where a jury would not be warranted by the evidence in an action under the statute for waste to find a verdict for the plaintiff, a judge is not authorized, in an action of ejectment founded on an alleged forfeiture for waste, to instruct a jury that the acts complained of simply because done without the permission of the landlord, work a forfeiture of the tenant's right: he should submit the question to the jury to determine whether the acts done were in fact prejudicial to the plaintiff's interest. It seems, that if waste be commited in a dwelling house, part of the property demised, only such parts of the dwelling house are forfeited as the waste is committed in.*

ALBANY,
October, 1829.

Jackson
v.
Tibbits.

232, and cases cited ; ) and though, in 18 Johns. R. 434, it is said that the tenant cannot under pretence of advantage to the reversioner, change the *nature* of buildings, it is insisted that here no such change was made. The alteration did not render the house less convenient for a tavern, but on the contrary made it more convenient. But whether the act amounted to *waste* or not, should have been submitted to the jury. Besides, if there was a forfeiture, it was waived by the receipt of rent.

*H. R. Storrs*, for plaintiff. In cases of injuries to farms, it is proper to submit to the jury the question, whether or not the acts complained of are of a permanent injury to the inheritance ; but this is not necessary where the injury is done to a dwelling house. Can it be allowed to a tenant to alter the plan of a house, to new model it, to break down partitions, to convert chambers into bedrooms, or to make a tavern of a private dwelling house ? Whether injurious to the inheritance or not, it is *waste*, and the landlord is entitled to recover the thing wasted; not a door or a window, but the house itself, it being an entirety. The acceptance of rent is no waiver, unless the rent accrued subsequent to the act done, and is received by the landlord with a full knowledge of the facts of the case.

*By the Court*, MARCY, J. The very term *waste* implies the idea of detriment to the landlord or reversioner. The party who recovers for it, when he brings his action of waste, not only recovers the *locum devastum*, but treble damages. Without damage, it would seem that there could be no waste : indeed, *Blackstone* defines waste to be whatever does a lasting damage to the freehold or inheritance. (2 Black. Comm. 281. See, also, Bac. Abr. tit. Waste c.) It cannot be pretended that the tenant has committed waste in this case by converting the premises to purposes different from those for which they were demised.

If the action had been under the statute for waste, and the defendant had pleaded no waste committed, the jury would not have been authorized to find a verdict for the plaintiff, unless they had been satisfied that the acts complained of as

waste were prejudicial to the estate of the plaintiff. The evidence would not, I think, have warranted such a finding, and if not, the judge erred in instructing the jury that the acts complained of, being done without the permission of the lessor, worked a forfeiture of the defendant's interest. At least, he should have submitted the testimony to the jury to determine whether the acts done were in fact prejudicial to the plaintiff's property in the premises.

But on the assumption that the acts did amount to *waste*, the right of the tenant to the whole premises was not forfeited. The forfeiture would not extend beyond the *house*, and I have very great doubt whether it would include the whole of it. *Sheppard* says, " That the plaintiff in this suit (action of waste) if he recover, shall recover treble damages and the place wasted, that is, if it be the whole house, the whole house; if it be one or two rooms *sparsim*, those rooms; if it be in a close, so much of the close as is wasted." (Faithful Counsellor, 553. Lord Coke says, " If waste be done in houses, so many rooms shall be recovered wherein there is waste done; but if waste be done *sparsim* throughout, all shall be recovered." (Co. Litt. 54 a.)

It is not necessary to examine whether the facts warrant the inference that the plaintiff waived the forfeiture, if it was ever incurred, or assented to the alterations relied on as evidence of waste. The proof did not, in my opinion, warrant the position taken by the judge in his charge to the jury, and I am therefore for granting a new trial.

<div align="center">

New trial granted.